FILED BY _____ D.C.

95 JUN 22 PM 4:20

CLERK _____ CT.
S.D. OF FLA.-MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) **NUMBER:** |
| APPLICANT, | ) |
| | ) |
| v. | ) **95-1340** |
| | ) **CIV-HIGHSMITH** |
| ALFONSO FANJUL, JOSE F. FANJUL, | ) |
| FAIC SECURITIES, INC, NEW FARM, INC., | ) **MAGISTRATE** |
| OKEELANTA CORP., FLORIDA ATLANTIC LAND | ) **JOHNSON** |
| CORP., MP & C FINANCIAL CO., | ) |
| STOFIN CORP., NEW HOPE SOUTH, INC., | ) |
| OSCEOLA FARMS CO., GLC FARMS, INC., | ) |
| SOUTH FLORIDA INDUSTRIES, INC., | ) |
| FLO-SUN, INC., FLO-SUN SUGAR CO., | ) |
| VANDEGRIFT-WILLIAMS FARMS, INC., | ) |
| ST. LUCIE RIVER CO., SEM-CHI RICE | ) |
| PRODUCTS CORP., KENDALL SUGAR CANE | ) |
| FARM, INC., FLORIDA PIONEER INVESTMENT, | ) |
| INC., FLORIDA CRYSTALS REFINERY, INC., | ) |
| FLORIDA ATLANTIC INVESTMENTS, INC., | ) |
| CLOSTER FARMS, INC., AND | ) |
| AMERICAS EXPORT CORP., | ) |
| | ) |
| RESPONDENTS. | ) |

## VERIFIED EXPEDITED APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER REQUIRING OBEDIENCE TO SUBPOENAS DUCES TECUM

1.    The Securities and Exchange Commission (the "Commission") requests this Court to Order Respondents Alfonso Fanjul, Jose F. Fanjul, FAIC Securities, Inc., New Farm, Inc., Okeelanta Corp., Florida Atlantic Land Corp., MP & C Financial Co., Stofin Corp., New Hope South, Inc., Osceola Farms Co., GLC Farms, Inc., South Florida Industries, Inc., Flo-Sun, Inc., Flo-Sun Sugar Co., Vandegrift-Williams Farms, Inc., St. Lucie River Co., Sem-Chi Rice Products Corp., Kendall Sugar Cane Farm, Inc.,

Florida Pioneer Investment, Inc., Florida Crystals Refinery, Inc., Florida Atlantic Investments, Inc., Closter Farms, Inc., and Americas Export Corp. (collectively, the "Respondents") to show cause why Respondents should not be ordered to comply with the subpoenas duces tecum ("the Subpoenas") issued by the Commission and duly served upon them. The Commission further requests that the Court enter an Order, in the form attached hereto, requiring obedience to the Subpoenas.

2.   Jurisdiction is conferred upon this Court by Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78u(c). Venue is proper in the United States District Court for the Southern District of Florida pursuant to Section 21(c) of the Exchange Act, 15 U.S.C. §78u(c).

### Parties

3.   The Commission is an agency of the United States government which is, among other things, statutorily authorized pursuant to Section 20(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. § 77u(a), to make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate provisions of the federal securities laws or the rules or regulations thereunder.

4.   Alfonso Fanjul ("A. Fanjul") is an individual residing in Palm Beach, Florida. The most recent brochure of FAIC Securities, Inc. ("FAIC") identifies A. Fanjul as the Chairman of

2

FAIC's Executive Committee. A. Fanjul owns 42.5% of FAIC's outstanding shares.

5. Jose F. Fanjul ("J. Fanjul") is an individual residing in Palm Beach, Florida. FAIC's most recent brochure identifies J. Fanjul as the Chairman of FAIC's Board of Directors. J. Fanjul owns 42.5% of FAIC's outstanding shares.

6. FAIC Securities, Inc. ("FAIC"), a Florida corporation, has been registered as a broker-dealer with the Commission since February 9, 1982. Its registered business address is 2600 S.W. 3rd Avenue, Miami, Florida 33129.

7. The remaining Respondents are companies which, upon information and belief, are owned and controlled by A. Fanjul and J. Fanjul. In addition, A. Fanjul and J. Fanjul serve as either officers and/or directors of each of the remaining Respondents. The registered business address for each of the Respondents is 316 Royal Poinciana Plaza, Palm Beach, Florida 33480. The Commission has evidence that each of the remaining Respondents made political contributions to candidates for elected office in Dade County, Florida or for elected positions with the State of Florida.

### The Commission's Investigation

8. FAIC, as a broker-dealer, is an entity which is regulated by the Commission. During an examination of FAIC's records on February 9, 1995, the Commission noticed several items which caused it to have reasonable grounds to suspect that FAIC

3

may have violated the federal securities laws.  Accordingly, the Commission commenced an informal inquiry.

9.   As part of its informal inquiry, in or about March, 1995, the Commission verbally requested that FAIC produce certain relevant documents.

10.   The verbal request was later memorialized in a letter dated April 5, 1995, in which the Commission requested that FAIC cooperate in its informal inquiry and voluntarily produce these documents.

11.   Between April 5 and May 13, 1995, counsel for Respondents and the Commission had several telephone conversations and exchanged correspondence.  Respondents' counsel led the Commission to believe that the requested documents would be produced.  At no time did counsel for Respondents indicate that the production would be incomplete.  More than one month after this written request, counsel for Respondents, on May 13, 1995, produced only a small fraction of the requested documents.

12.   In light of Respondents' failure to produce the requested documents voluntarily, on May 16, 1995, pursuant to Section 20(a) of the Securities Act of 1933, 15 U.S.C. §77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. §78u(a), the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in an investigation captioned In the Matter of FAIC Securities, Inc. (the "Formal Order").  A copy of the Formal Order is attached hereto as Exhibit 1.

4

13.   The Formal Order directed that a private investigation be made to determine whether FAIC or any other persons had engaged or was about to engage in acts or practices, among other things, in violation of the anti-fraud provisions of the federal securities laws,1/ and the "pay to play" rules of the Municipal Securities Rulemaking Board ("MSRB").2/

14.   Despite the lack of cooperation from the Respondents, during the course of the informal inquiry, the Commission was able to obtain information from public records suggesting possible anti-fraud and "pay to play" violations.

A. **Possible Anti-Fraud Violations**

15.   Pursuant to the Formal Order, the Commission initiated a private investigation to determine whether FAIC and others, violated the anti-fraud provisions of the securities laws by knowingly, willfully, and/or recklessly, employing devices, schemes or artifices to defraud, engaging in acts, transactions, practices or courses of business which would and did operate as a fraud or deceit upon the purchasers and others, and making untrue statements of material facts and omitting to state material facts necessary to make the statements made, in light of the

---

1/   Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Sections 10(b) and 15(c)(1)(B) of the Exchange Act, 15 U.S.C. §§ 77j(b) and 77o(c) and Rules 10b-5 and 17a-3 thereunder.

2/   The MSRB Rules that may have been violated are Rules G-8, G-9, G-17, and G-37.  Pursuant to Section 21(a)(1) of the Exchange Act, the Commission has the authority to investigate possible violations of the rules of the MSRB.

circumstances under which they were made, not misleading in connection with the offer, purchase and sale of securities.

16.   In December 1994, the Florida Housing and Finance Authority ("FHFA"), a state agency, selected FAIC to serve as co-managing underwriter of FHFA Single Family Mortgage Revenue Bonds, series 1995A.  Prior to December 1994, certain of the Respondent Companies, which, upon information and belief, are owned and controlled by A. and J. Fanjul, contributed approximately $88,000 to gubernatorial, Cabinet, and State Senate candidates.

17.   Among other things, in connection with the FHFA underwriting, FAIC certified to the FHFA in writing that it was in compliance with Chapter 9I-16, Florida Administrative Code at the time of application and that it understood that continued compliance with Chapter 9I-16 was a condition precedent to entering into any contract for underwriter services.

18.   Chapter 9I-16 requires that underwriters agree that they will not, directly or indirectly, make any contributions for or on behalf of gubernatorial candidates or for a Cabinet position while on the approved underwriter's list and for two years thereafter.  Chapter 9I-16 also requires that underwriters provide a written certification that neither it, nor its agents, have contributed to gubernatorial candidates or for a Cabinet position in Florida during the preceding 24 months.

19.   FAIC may have violated the anti-fraud provisions (Section 17(a) of the Securities Act of 1933, Sections 10(b) and

15(c)(1)(B) of the Exchange Act and Rule 10b-5 thereunder) when it executed the written certification insofar as FAIC may have, directly or indirectly, contributed to gubernatorial and Cabinet candidates.3/

### B.   **Possible "Pay to Play" and Other Violations**

20.   Pursuant to the Formal Order, the Commission also is to determine, among other things, whether FAIC and persons associated with FAIC contravened the "pay to play" rules and certain bookkeeping rules of the MSRB, including but not limited to Rules G-8, G-9, G-17 and G-37 by:

(a) failing to make and keep required current and accurate books and records;

(b) failing to deal fairly with all persons, or engaging in deceptive, dishonest, or unfair practices in the conduct of the municipal securities business;

(c) making political contributions, directly or indirectly, to officials of municipal securities issuers, or failing to adequately disclose such information.

21.   MSRB Rule G-37 (effective April 25, 1994) prohibits political contributions by brokers, dealers and municipal finance professionals, directly or indirectly, to officials of a municipal securities issuer with which the broker or dealer is engaging or is seeking to engage in business.  The definition of

---

3/   By virtue of the conduct described above, FAIC also may have violated MSRB Rule G-17, which requires that all municipal securities dealers deal fairly with all persons and refrain from engaging in any deceptive, dishonest, or unfair practice.

a "municipal finance professional" includes, among others, a member of the broker, dealer or municipal securities dealer, executive or management committee or similarly situated official. As alleged above, A. Fanjul and J. Fanjul are identified in FAIC's brochure as Chairman of the Executive Committee and Chairman of the Board of Directors, respectively, and, therefore, would qualify as municipal finance professionals of FAIC.

22.   As municipal finance professionals of FAIC, which served as co-managing underwriter of FHFA Single Family Mortgage Revenue Bonds, Series 1995A, A. and J. Fanjul, may have violated MSRB Rule G-37 if they directly, or indirectly through any of the Respondent Companies, made, solicited or coordinated political contributions to officials of municipal security issuers.

23.   Additionally, in November, 1994, the Board of Commissioners for Dade County approved FAIC's participation as senior co-managing underwriter for Metropolitan Dade County Aviation Bonds, Series 1995B and C.   Prior to November 1994, certain of the Respondents Companies, which, upon information and belief, are owned and controlled by A. and J. Fanjul, made political contributions totalling approximately $7,250 to three Dade County Commissioners.   As noted above, as municipal finance professionals of FAIC, A. and J. Fanjul may have violated, among others, MSRB Rule G-37, if they directly, or indirectly through any of the Respondent Companies, made, solicited or coordinated such contributions.

24.   In addition, MSRB Rules G-8 and G-9 require that brokers, dealers and municipal securities dealers maintain and preserve, among other things, records relating to contributions to officials of issuers, the states in which they are engaging or seeking to engage in municipal securities business or a list of every issuer with which municipal securities business has been conducted during the current year and related information.  FAIC may be in violation of the foregoing rules, because FAIC had no such records at the time of the examination.

### The Subpoenas and the Respondents' Refusal to Comply

25.   The Formal Order, pursuant to Section 19(b) of the Securities Act, 15 U.S.C. § 77s(b), and Section 21(b) of the Exchange Act, 15 U.S.C. § 78u(b), designated certain members of the staff, including John C. Mattimore, as Officers of the Commission with the power to administer oaths, subpoena witnesses, take evidence and require the production of any books, papers or other documents which the Commission deems relevant or material to its investigation.

26.   Pursuant to that authority, on May 31, 1995, the Commission issued subpoenas to FAIC, Felix Granados ("Granados"), A. Fanjul and J. Fanjul, by hand delivery at the offices of FAIC. Granados, the president of FAIC, was required to appear for testimony on June 8, 1995.  In addition, Granados and FAIC, pursuant to subpoena, were required to produce documents by June 12, 1995 at the Commission's Southeast Regional Office, in Miami, Florida.  Pursuant to the subpoenas issued to A. Fanjul and J.

9

Fanjul, both individuals were required to produce documents by June 12, 1995 and to appear for testimony on June 19, 1995 and June 20, 1995, respectively.  Copies of the subpoenas issued to Granados, FAIC, A. Fanjul and J. Fanjul are attached hereto as Composite Exhibit 2.

27.  On June 1, 1995, by certified mail, the Commission issued subpoenas to the remaining Respondents.  Service by certified mail complies with the Commission's Rules of Practice and Procedures. 17 C.F.R. §201.14(3). These remaining Respondents were required to appear for testimony and to produce documents on June 13, 1995.  Copies of these subpoenas are attached hereto as Composite Exhibit 3.

28.  The Subpoenas called for the production of, among other things, articles of incorporation and by-laws, minutes of executive and/or managerial meetings from May 1992 to present, and documents concerning political contributions from May 1992 to present. The Subpoenas were narrowly drafted and tailored to the possible violations under investigation.  As an additional accommodation, the Commission sent a cover letter along with the Subpoenas to twenty of the Respondents, stating that their testimony would not be required at this time if they produced the requested documents on the date specified therein.

29.  On June 8, 1995, Granados testified, but still has not produced any of the documents requested in the subpoena duces tecum.

10

30.   Counsel for Respondents waited until June 12th, the return date for the document subpoenas directed to FAIC, Granados, A. Fanjul and J. Fanjul to indicate that they would not comply with the Subpoenas.  On June 12th, counsel for Respondents forwarded two letters to the Commission, refusing to produce the documents on the grounds that Respondents' counsel had "preliminarily" determined that Rule G-37 does not apply to A. Fanjul, J. Fanjul or the companies they control, and also by questioning the constitutionality of that Rule.  Respondents entirely ignored the fact that the investigation also concerns possible violations of independent, well-settled anti-fraud provisions of the securities laws, including Rule 10b-5. Respondents' characterization of their determination as merely "preliminary" is telling and underscores the fact that the Commission is presently in the investigatory stage and needs the information sought by the Subpoenas before it can litigate the question of liability under one or more of the securities laws.

31.   In a further attempt to obtain compliance without resort to this Court, on June 13, 1995, the Commission sent a letter to Respondents' counsel requesting that the Respondents produce the subpoenaed documents by close of business on Thursday, June 15, 1995, and affirming that the Commission will take whatever steps were necessary to carry out its Congressional mandate to investigate possible violations of the federal securities laws.

32.  Rather than producing all of the subpoenaed documents on June 15th, Respondents' counsel sent to the Commission yet another letter taking issue with Rule G-37 and, rather than offering to produce documents, suggested a "candid and wide-ranging meeting, addressing not only [the Commission's] document request but the [Commission's] ultimate objectives as to FAIC and the Fanjuls' relationship to that enterprise."4/  A copy of this letter is attached as Exhibit 4.

33.  In a last effort to avoid the necessity of resorting to this Court to enforce the Subpoenas, the Commission wrote to Respondents' counsel on June 21st and requested immediate production of the subpoenaed documents.  A copy of this letter is attached as Exhibit 5.  This letter was to no avail.  To date, other than the appearance of Granados for testimony on June 8, 1995, Respondents have failed to appear for testimony.  Moreover, Respondents have wholly refused to provide the bulk of the documents called for by the Subpoenas.

34.  The Commission now has no other means of seeking compliance with the Subpoenas other than to apply for this Court's assistance.  The documents sought by the Commission are relevant and material to the Commission's investigation and are within the scope of the Formal Order.  The Commission is seeking documents and information relating to whether FAIC or any of its

---

4/  By letter dated June 15, 1995, Respondents' counsel produced six pages of documents on behalf of FAIC.  There was no indication in the letter as to whether counsel considered this to be a complete production or whether additional documents would be forthcoming.

officers, directors or municipal finance professionals, including A. Fanjul or J. Fanjul, directly or indirectly, made, contributed, coordinated or solicited political contributions to candidates in violation of the anti-fraud and pay to play provisions of the federal securities laws.  The documents sought are not already in the Commission's possession.

Accordingly, it is necessary and appropriate that an Order be issued requiring the Respondents to produce all the documents called for in the Subpoenas and to appear for testimony as required by the Subpoenas.

WHEREFORE, the Commission respectfully prays that the Court:

a.  issue an Order directing the Respondents to show cause why they should not be ordered to produce all documents called for by the Subpoenas and to appear for testimony as required by said subpoenas;

b.  issue an Order, in the form attached hereto, requiring the Respondents within ten (10) days of the issuance of such Order to produce all documents pursuant to the Subpoenas issued on May 31 and June 1, 1995 and to begin appearing for testimony ten (10) days after the production of the documents; and

13

     c.    retain jurisdiction over this matter to order such other and further relief as may be necessary and appropriate to achieve compliance with the Subpoenas and with any Order the Court issues in its enforcement thereof.

Respectfully submitted,

Charles V. Senatore
Regional Director
Florida Bar No. 308935

David Nelson
Assistant Regional Director

Mitchell E. Herr
Regional Trial Counsel

John C. Mattimore
Branch Chief

Vincent M. Lichtenberger
Staff Attorney

Attorneys for Applicant
SECURITIES AND EXCHANGE COMMISSION
1401 Brickell Avenue, Suite 200
Miami, Florida  33131
(305) 536-4700

14

## VERIFICATION

Vincent M. Lichtenberger affirms under penalty of perjury:

1.    I am a staff attorney in the Enforcement Division of the Southeast Regional Office of the Securities and Exchange Commission ("Commission").

2.    I have read the foregoing Expedited Application For an Order to Show Cause and an Order Requiring Obedience to Subpoenas Duces Tecum, and the factual allegations therein are true to the best of my knowledge, information and belief, based on my personal, direct and active participation in the Commission's investigation leading to the filing of this Application.

Dated:    June 22, 1995

VINCENT M. LICHTENBERGER

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copies of the foregoing Verified Expedited Application for an Order to Show Cause and an Order Requiring Obedience to Supoenas Duces Tecum, supporting Memorandum of Law, proposed Order to Show Cause and proposed Order Requiring Obedience to Subpoenas Duces Tecum were served on Alvin B. Davis, Esq., Steel Hector & Davis, 200 South Biscayne Blvd., Miami, Florida 33131-2398 by Federal Express, this <u>22nd</u> day of June, 1995.

Vincent M. Lichtenberger

**UNITED STATES OF AMERICA**
**before the**
**SECURITIES AND EXCHANGE COMMISSION**

**May 16, 1995**

|                          |     |                              |
|--------------------------|-----|------------------------------|
| In the Matter of         |  :  | **ORDER DIRECTING PRIVATE**  |
|                          |  :  | **INVESTIGATION AND**        |
| FAIC Securities, Inc.    |  :  | **DESIGNATING OFFICERS**     |
|                          |  :  | **TO TAKE TESTIMONY**        |
|                          |  :  |                              |
| A-1465                   |  :  |                              |

**I**

The Commission's public official files disclose that:

A.   FAIC Securities, Inc. ("FAIC") is a Florida corporation with principal offices in Miami, Florida.

B. FAIC is a broker-dealer registered with the Commission pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act").

**II**

Members of the staff have reported information to the Commission which tends to show that during the period from in or around April 1994 through the present:

A.   While engaged in the offer and sale, and in connection with the purchase and sale, of securities, including but not limited to municipal securities, FAIC, certain present and/or former officers, directors, employees, affiliates and other persons or entities, may have, directly or indirectly, knowingly, willfully and/or recklessly, employed devices, schemes or artifices to defraud; engaged in acts, transactions, practices or courses of business which would and did operate as a fraud or deceit upon the purchasers and others; obtained money or property by means of, or otherwise made, untrue statements of material facts and omitted to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading, in that, among other things, such persons or others may have filed or caused to be filed a written certification with the Florida Financing and Housing Authority, containing materially false and misleading information and/or omitting to state material facts.

B.   While effecting transactions in, or while inducing or attempting to induce the purchase or sale of, municipal securities,

FAIC and persons associated with FAIC, including certain present and/or former officers, directors, employees and affiliates of FAIC, may have, directly or indirectly, contravened rules of the Municipal Securities Rulemaking Board (the "Board"), including but not limited to Rules G-8, G-9, G-17, and G-37, in that such persons or entities:

(i)  may have, directly or indirectly, failed to make and keep current and accurate books and records of a broker, dealer, or municipal securities dealer;

(ii) in the conduct of a municipal securities business, may have, directly or indirectly, failed to deal fairly with all persons, or may have engaged in deceptive, dishonest, or unfair practices; and

(iii) while engaged in municipal securities business with issuers, may have, directly or indirectly, made political contributions to officials of such issuers, or failed to adequately disclose such contributions.

C.    While transacting a business in securities, FAIC, certain present and/or former officers, directors, employees and other persons or entities may have, directly or indirectly, failed, or caused FAIC to fail, to make and keep current and accurate books and records relating to FAIC's operations, in that, among other things, such persons or entities may have failed, or caused FAIC to fail, to reflect accurately certain transactions described in paragraphs A and B, above, in violation of Rule 17a-3 of the Exchange Act.

D.    While engaged in the above activities, FAIC, certain present and/or former officers, directors, employees and other persons or entities, directly or indirectly, made use of the mails and the means and instruments of transportation or communication in interstate commerce, and of the means and instrumentalities of interstate commerce.

### III

The Commission, having considered the staff's report and deeming such acts and practices, if true, to be in possible violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15B(c)(1) of the Exchange Act and Rules 10b-5 and 17a-3 thereunder, and MSRB Rules G-8, G-9, G-17 and G-37, finds it necessary and appropriate and hereby:

**ORDERS,** pursuant to the provisions of Section 20(a) of the Securities Act and Section 21(a) of the Exchange Act, that a private investigation be made to determine whether the aforesaid persons, or any other persons, have engaged or are about to engage

in any of the reported acts or practices or in any acts or practices of similar purport or object; and

**IT IS FURTHER ORDERED,** pursuant to the provisions of Section 19(b) of the Securities Act and Section 21(b) of the Exchange Act, that for the purposes of such investigation Charles V. Senatore, Charles C. Harper, David P. Nelson, Rose M. Schindler, Nancy J. Hart, Fernando Torres, John C. Mattimore, Chedly C. Dumornay, James E. Burt IV, Nicholas A. Monaco, Vincent M. Lichtenberger, and each of them, is hereby designated an officer of this Commission and empowered to administer oaths and affirmations, subpoena witnesses, compel their attendance, take evidence and require the production of any books, papers, correspondence, memoranda, or other records deemed relevant or material to the inquiry, and to perform all other duties in connection therewith as prescribed by law.

By the Commission.

Jonathan G. Katz
Secretary



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

*To:*   Felix E. Granados
FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 8th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

## ATTACHMENT

### A.   Definitions

The following definitions and rules of construction apply to this attachment:

1.   "You," "your," and "Granados" refer to Felix E. Granados, and all representatives, agents and any other person acting on his behalf.

2.   The term "Companies" means any entity in which Granados serves as an officer or director or has at least a 5% ownership interest.   The term "Companies" also includes, but is not limited to, Okeelanta Corp., New Farm, Inc., Florida Atlantic Land Corp., Stofin Corp., New Hope South Inc., Osceola Farms Co., GLC Farms, Inc., South Florida Industries Inc., Flo-Sun Inc., Flo-Sun Sugar Co., Vandergrift-Williams Farms, Inc., St. Lucie River Co., Sem-Chi Rice Products Corp., New Hope Development, Inc., MP & C Financial Co., Kendall Sugar Cane Farm, Inc., Florida Pioneer Investment, Inc., Florida Crystals Refinery, Inc., Florida Atlantic Investments, Inc., Closter Farms, Inc., and Americas Export Corp.

2.   The term "documents" means all records and other tangible forms of expression in possession, custody, or control, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise).   The term "documents" includes finished, unfinished, draft, or fragmentary forms of tangible expression; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

3.   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.   The following rules of construction apply to this attachment:

> (a)   the terms "all" and "each" shall be construed as all and each;
>
> (b)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and
>
> (c)   the use of the singular form of any word includes the plural and vice versa.

**B.    Production**

Produce the following documents:

1.    all documents concerning political contributions by Granados or the Companies, from May 1992 to present, to any candidate for an elected office, state or federal, including, but not limited to, county commissioners, governor, cabinet members, state senate and any political action committee;

2.    all articles of incorporation and by-laws, and all amendments thereto, of the Companies;

3.    all corporate minutes and minutes of any committee and/or executive or managerial meeting of the Companies from May 1992 to present;

4.    all documents evidencing or reflecting all individuals and entities with an ownership interest in the Companies at any time from May 1992 to present;

5.    all documents concerning political contributions by Granados or the Companies from May 1992 to present, including, but not limited to, internal memoranda, incoming or out-going correspondence, resolutions, solicitations, and legal opinions;

6.    all documents concerning all consultants and lobbyists retained by Granados or the Companies at any time since May 1992, including, but not limited to, contracts, agreements, expense reports, invoices, cancelled checks and all drafts of any of the foregoing;

7.    documents sufficient to identify all individuals acting on behalf of, or as a representative for, the Companies, at any time since May 1992, in the following capacities: legal counsel, officers, directors and principals; and

8.    a list of all documents which are being withheld based upon a privilege, which includes the author, the recipients, if any, of the document, the date, and a brief description of the subject matter sufficient to establish the existence of a privilege.



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

## SECURITIES AND EXCHANGE COMMISSION

*To:*  FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

**You are hereby required** to produce those books, papers, documents, and other records described in the Attachment hereto at the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 12th day of June, 1995, at 10:00 a.m., in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

**Fail not at your peril.**

**In testimony whereof,** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

---

**NOTICE TO WITNESS:**     **If claim is made for witness fee or mileage, this subpoena should accompany voucher.**

## ATTACHMENT

### A. Definitions

The following definitions and rules of construction apply to this attachment:

1. The term "documents" means all records and other tangible forms of expression in possession, custody, or control, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise). The term "documents" includes finished, unfinished, draft, or fragmentary forms of tangible expression; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

2. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. The following rules of construction apply to this attachment:

   (a) the terms "all" and "each" shall be construed as all and each;

   (b) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and

   (c) the use of the singular form of any word includes the plural and vice versa.

### B. Production

Produce the following documents:

1. all documents concerning political contributions from May 1992 to present, to any candidate for an elected office, state or federal, including, but not limited to, county commissioners, governor, cabinet members, state senate and any political action committee;

2. all articles of incorporation and by-laws, and all amendments thereto;

3. all corporate minutes and minutes of any committee and/or executive or managerial meeting from May 1992 to present;

4. all documents concerning political contributions by the company or by any of the company's agents, employees,

officers, directors, attorneys, consultants, principals, and representatives from May 1992 to present, including, but not limited to, internal memoranda, incoming or out-going correspondence, resolutions, solicitations, and legal opinions;

6.   all documents concerning all consultants and lobbyists retained by the company at any time since May 1992, including, but not limited to, contracts, agreements, expense reports, invoices, cancelled checks and all drafts of any of the foregoing;

7.   documents sufficient to identify all individuals acting on behalf of, or as a representative for, the company, at any time since May 1992, in the following capacities: legal counsel, officers, directors and principals; and

8.   a list of all documents which are being withheld based upon a privilege, which includes the author, the recipients, if any, of the document, the date, and a brief description of the subject matter sufficient to establish the existence of a privilege.

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**SOUTHEAST REGIONAL OFFICE**
SUITE 200
1401 BRICKELL AVENUE
MIAMI, FLORIDA 33131

(305) 982-6357

May 31, 1995

**VIA HAND DELIVERY**
Mr. Alfonso Fanjul
c/o FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

Re: <u>FAIC Securities, Inc.</u>

Dear Mr. Fanjul:

Pursuant to a formal order of investigation issued by the Commission in the above-referenced matter, enclosed please find two subpoenas, which require you to produce documents and appear for testimony at the time indicated by the subpoena.

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, or as a reflection upon the merits of the securities involved or upon any person or entity who effected transactions in such securities. Information provided is subject to the Commission's routine uses. A list of those uses is contained in the enclosed copies of SEC Forms 1661 and 1662, which also contain other important information.

Sincerely,

Charles V. Senatore
Regional Director

By: *John C. Mattimore*
       John C. Mattimore
       Branch Chief

Enclosures



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

*To:*  Alfonso Fanjul, Jr.
c/o FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 19th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

### SECURITIES AND EXCHANGE COMMISSION

*To:*  Alfonso Fanjul, Jr.
     c/o FAIC Securities, Inc.
     2600 S.W. 3rd Avenue
     Miami, Florida 33129

***You are hereby required*** to produce those books, papers, documents, and other records described in the Attachment hereto at the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 12th day of June, 1995, at 10:00 a.m., in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

---

**NOTICE TO WITNESS:**    If claim is made for witness fee or mileage, this subpoena should accompany voucher.

**ATTACHMENT**

## A.   Definitions

The following definitions and rules of construction apply to this attachment:

1.   "You," "your," and "A. Fanjul" refer to Alfonso Fanjul, Jr. and all representatives, agents and any other person acting on his behalf.

2.   The term "Companies" means any entity in which A. Fanjul serves as an officer or director or has at least a 5% ownership interest.   The term "Companies" also includes, but is not limited to, Okeelanta Corp., New Farm, Inc., Florida Atlantic Land Corp., Stofin Corp., New Hope South Inc., Osceola Farms Co., GLC Farms, Inc., South Florida Industries Inc., Flo-Sun Inc., Flo-Sun Sugar Co., Vandergrift-Williams Farms, Inc., St. Lucie River Co., Sem-Chi Rice Products Corp., New Hope Development, Inc., MP & C Financial Co., Kendall Sugar Cane Farm, Inc., Florida Pioneer Investment, Inc., Florida Crystals Refinery, Inc., Florida Atlantic Investments, Inc., Closter Farms, Inc., and Americas Export Corp.

2.   The term "documents" means all records and other tangible forms of expression in possession, custody, or control-however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise).   The term "documents" includes finished, unfinished, draft, or fragmentary forms of tangible expression; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

3.   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.   The following rules of construction apply to this attachment:

(a)   the terms "all" and "each" shall be construed as all and each;

(b)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and

(c)   the use of the singular form of any word includes the plural and vice versa.

**B.**   **Production**

Produce the following documents:

1.   all documents concerning political contributions by A. Fanjul or the Companies, from May 1992 to present, to any candidate for an elected office, state or federal, including, but not limited to, county commissioners, governor, cabinet members, state senate and any political action committee;

2.   all articles of incorporation and by-laws, and all amendments thereto, of the Companies;

3.   all corporate minutes and minutes of any committee and/or executive or managerial meeting of the Companies from May 1992 to present;

4.   all documents evidencing or reflecting all individuals and entities with an ownership interest in the Companies at any time from May 1992 to present;

5.   all documents concerning political contributions by A. Fanjul or the Companies from May 1992 to present, including, but not limited to, internal memoranda, incoming or out-going correspondence, resolutions, solicitations, and legal opinions;

6.   all documents concerning all consultants and lobbyists retained by A. Fanjul or the Companies at any time since May 1992, including, but not limited to, contracts, agreements, expense reports, invoices, cancelled checks and all drafts of any of the foregoing;

7.   documents sufficient to identify all individuals acting on behalf of, or as a representative for, the Companies, at any time since May 1992, in the following capacities: legal counsel, officers, directors and principals; and

8.   a list of all documents which are being withheld based upon a privilege, which includes the author, the recipients, if any, of the document, the date, and a brief description of the subject matter sufficient to establish the existence of a privilege.

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
SOUTHEAST REGIONAL OFFICE
SUITE 200
1401 BRICKELL AVENUE
MIAMI, FLORIDA 33131

(305) 982-6357

May 31, 1995

**VIA HAND DELIVERY**
Mr. Jose F. Fanjul
c/o FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

Re: FAIC Securities, Inc.

Dear Mr. Fanjul:

Pursuant to a formal order of investigation issued by the Commission in the above-referenced matter, enclosed please find two subpoenas, which require you to produce documents and appear for testimony at the time indicated by the subpoena.

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of law has occurred, or as a reflection upon the merits of the securities involved or upon any person or entity who effected transactions in such securities. Information provided is subject to the Commission's routine uses. A list of those uses is contained in the enclosed copies of SEC Forms 1661 and 1662, which also contain other important information.

Sincerely,

Charles V. Senatore
Regional Director

By: _John C. Mattimore_

John C. Mattimore
Branch Chief

Enclosures



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Jose F. Fanjul
c/o FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 20th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Jose F. Fanjul
c/o FAIC Securities, Inc.
2600 S.W. 3rd Avenue
Miami, Florida 33129

***You are hereby required*** to produce those books, papers, documents, and other records described in the Attachment hereto at the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 12th day of June, 1995, at 10:00 a.m., in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 31st of May, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

---

NOTICE TO WITNESS:      If claim is made for witness fee or mileage, this subpoena should accompany voucher.

### ATTACHMENT

## A.  Definitions

The following definitions and rules of construction apply to this attachment:

1.  "You," "your," and "J. Fanjul" refer to Jose F. Fanjul, and all representatives, agents and any other person acting on his behalf.

2.  The term "Companies" means any entity in which J. Fanjul serves as an officer or director or has at least a 5% ownership interest.  The term "Companies" also includes, but is not limited to, Okeelanta Corp., New Farm, Inc., Florida Atlantic Land Corp., Stofin Corp., New Hope South Inc., Osceola Farms Co., GLC Farms, Inc., South Florida Industries Inc., Flo-Sun Inc., Flo-Sun Sugar Co., Vandergrift-Williams Farms, Inc., St. Lucie River Co., Sem-Chi Rice Products Corp., New Hope Development, Inc., MP & C Financial Co., Kendall Sugar Cane Farm, Inc., Florida Pioneer Investment, Inc., Florida Crystals Refinery, Inc., Florida Atlantic Investments, Inc., Closter Farms, Inc., and Americas Export Corp.

2.  The term "documents" means all records and other tangible forms of expression in possession, custody, or control, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise).  The term "documents" includes finished, unfinished, draft, or fragmentary forms of tangible expression; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

3.  The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4.  The following rules of construction apply to this attachment:

> (a)  the terms "all" and "each" shall be construed as all and each;

> (b)  the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and

> (c)  the use of the singular form of any word includes the plural and vice versa.

**B.**   <u>Production</u>

Produce the following documents:

1.   all documents concerning political contributions by J. Fanjul or the Companies, from May 1992 to present, to any candidate for an elected office, state or federal, including, but not limited to, county commissioners, governor, cabinet members, state senate and any political action committee;

2.   all articles of incorporation and by-laws, and all amendments thereto, of the Companies;

3.   all corporate minutes and minutes of any committee and/or executive or managerial meeting of the Companies from May 1992 to present;

4.   all documents evidencing or reflecting all individuals and entities with an ownership interest in the Companies at any time from May 1992 to present;

5.   all documents concerning political contributions by J. Fanjul or the Companies from May 1992 to present, including, but not limited to, internal memoranda, incoming or out-going correspondence, resolutions, solicitations, and legal opinions;

6.   all documents concerning all consultants and lobbyists retained by J. Fanjul or the Companies at any time since May 1992, including, but not limited to, contracts, agreements, expense reports, invoices, and cancelled checks and all drafts of any of the foregoing;

7.   documents sufficient to identify all individuals acting on behalf of, or as a representative for, the Companies, at any time since May 1992, in the following capacities: legal counsel, officers, directors, and principals; and

8.   a list of all documents which are being withheld based upon a privilege, which includes the author, the recipients, if any, of the document, the date, and a brief description of the subject matter sufficient to establish the existence of a privilege.



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   New Farm, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Okeelanta Corporation
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Florida Atlantic Land Corp.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

**You are hereby required** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

**And you are hereby required** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

**Fail not at your peril.**

**In testimony whereof,** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore,*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   M.P. & C. Financial Company
c/o Rolando Valzivieso
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

**You are hereby required** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

**And you are hereby required** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

**Fail not at your peril.**

**In testimony whereof,** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

## SECURITIES AND EXCHANGE COMMISSION

*To:*  Stofin Co., Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

### SECURITIES AND EXCHANGE COMMISSION

*To:*   New Hope South, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*  Osceola Farms Co.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

---

**NOTICE TO WITNESS:**     If claim is made for witness fee or mileage, this subpoena should accompany voucher.



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   G.L.C. Farms, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*    South Florida Industries, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Flo-Sun Incorporated
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

*To:*   Flo-Sun Sugar Co.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Vandegrift-Williams Farms, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   St. Lucie River Co.
       c/o Donald W. Carson
       316 Royal Poinciana Plaza
       Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
### SECURITIES AND EXCHANGE COMMISSION

*To:*   Sem-Chi Rice Products Corp.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

### SECURITIES AND EXCHANGE COMMISSION

*To:*   Kendall Sugar Cane Farm, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

**You are hereby required** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465,* an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

**And you are hereby required** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

**Fail not at your peril.**

**In testimony whereof,** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*  Florida Pioneer Investment, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

*You are hereby required* to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

*And you are hereby required* to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

*Fail not at your peril.*

*In testimony whereof,* the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

NOTICE TO WITNESS:    If claim is made for witness fee or mileage, this subpoena should accompany voucher.



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Florida Crystals Refinery, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

John C. Mattimore

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Florida Atlantic Investments, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

*To:*   Closter Farms, Inc.
c/o Donald W. Carson
316 Royal Poinciana Plaza
Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission



## SUBPOENA DUCES TECUM

# UNITED STATES OF AMERICA

## SECURITIES AND EXCHANGE COMMISSION

*To:*   Americas Export Corporation
        c/o Donald W. Carson
        316 Royal Poinciana Plaza
        Palm Beach, Florida 33480

***You are hereby required*** to appear before the undersigned and other officers of the Securities and Exchange Commission, at 1401 Brickell Avenue, Suite 200, in the city of Miami, Florida 33131, on the 13th day of June, 1995, at 10:00 a.m., to testify in the *Matter of FAIC Securities, Inc., A-1465*, an investigation pursuant to a formal order issued by the Securities and Exchange Commission under the authority of Section 21(a) of the Securities Exchange Act of 1934.

***And you are hereby required*** to bring with you and produce at said time and place those books, papers, documents, and other records described in the Attachment hereto.

***Fail not at your peril.***

***In testimony whereof,*** the undersigned, an officer designated by the Securities and Exchange Commission, has hereunto set his hand this 1st of June, 1995.

*John C. Mattimore*

John C. Mattimore, an officer of the
Securities and Exchange Commission

**ATTACHMENT**

## A.   Definitions

The following definitions and rules of construction apply to this attachment:

1.   The term "documents" means all records and other tangible forms of expression in possession, custody, or control, however and by whomever created, produced or stored (manually, mechanically, electronically or otherwise).   The term "documents" includes finished, unfinished, draft, or fragmentary forms of tangible expression; it also includes the original document (or copy thereof if the original is not available) and all copies that differ in any respect from the original.

2.   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3.   The following rules of construction apply to this attachment:

   (a)   the terms "all" and "each" shall be construed as all and each;

   (b)   the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and

   (c)   the use of the singular form of any word includes the plural and vice versa.

## B.   Production

Produce the following documents:

1.   all documents concerning political contributions from May 1992 to present, to any candidate for an elected office, state or federal, including, but not limited to, county commissioners, governor, cabinet members, state senate and any political action committee;

2.   all articles of incorporation and by-laws, and all amendments thereto;

3.   all corporate minutes and minutes of any committee and/or executive or managerial meeting from May 1992 to present;

4.   all documents concerning political contributions by the company or by any of the company's agents, employees,

officers, directors, attorneys, consultants, principals, and representatives from May 1992 to present, including, but not limited to, internal memoranda, incoming or out-going correspondence, resolutions, solicitations, and legal opinions;

6.    all documents concerning all consultants and lobbyists retained by the company at any time since May 1992, including, but not limited to, contracts, agreements, expense reports, invoices, cancelled checks and all drafts of any of the foregoing;

7.    documents sufficient to identify all shareholders, and their respective percentage of ownership, officers, and directors of the company; and

8.    a list of all documents which are being withheld based upon a privilege, which includes the author, the recipients, if any, of the document, the date, and a brief description of the subject matter sufficient to establish the existence of a privilege.

**Steel Hector & Davis**
Miami, Florida

Alvin B. Davis
(305) 577-2835

June 15, 1995

*VIA TELECOPIER*

John C. Mattimore, Esq.
Branch Chief
Securities and Exchange Commission
Southeast Regional Office
Suite 200
1401 Brickell Avenue
Miami, Florida 33131

In re:  FAIC Securities, Inc. ("FAIC")

Dear John:

It is hard to regard your response of June 13, 1995 as productive.

You know better than I, that Rule G-37 is new and untested.  A constitutional challenge has already been mounted.  And fairly so.  You apparently believe the Rule reaches the Fanjuls and their companies.  We don't.  Reasonable men can differ on their interpretation of a novel and ambitious administrative rule.  We, at least, have made an effort to explain our position.  Your steadfast silence on that subject suggests an uncertainty on your part.

The principal purpose of this letter, however, is to address the SEC's surprising, and I must say uncharacteristic, reluctance to meet.  Based on my experience in matters of this kind, it is difficult to imagine circumstances under which a meeting would be more appropriate than here.  We are prepared to have a candid and wide-ranging meeting, addressing not only your document request but the SEC's ultimate objectives as to FAIC and the Fanjuls' relationship to that enterprise.  Such a meeting could only serve to inform any efforts you intend to undertake to enforce your subpoenas.  Since we are prepared to meet with you on

Miami Office
41st Floor
200 South Biscayne Boulevard
Miami, FL 33131-2398
(305) 577-7000
Fax: (305) 577-7001

West Palm Beach Office
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
(407) 650-7200
Fax: (407) 655-1509

Tallahassee Office
Suite 601
215 South Monroe
Tallahassee, FL 32301-1804
(904) 222-2300
Fax: (904) 222-8410

**Steel Hector & Davis**

John C. Mattimore, Esq.
June 15, 1995
Page 2

short notice, your stated concerns about delay would seem a bit premature. With an issue as constitutionally sensitive as G-37, haste is probably not your most appropriate ally.

You should also have in mind that federal judges in this jurisdiction are likely to expect us to have met before any discovery driven enforcement action is undertaken. They distinctly do not favor involving themselves in matters that they believe reasonable parties and experienced counsel can resolve or moderate without the court's intercession. This certainly qualifies as one of those.

So that we are perfectly clear, we would like you to reconsider your refusal to meet. We are prepared to meet early next week with an agenda as broad as you wish to make it. If that meeting is not useful, you can fulfill your threat of taking whatever shadowy "measures [the SEC] deems appropriate", without any damaging delays. Your letter recites that your Office has "maintained a liberal view toward meetings with parties affected...by [your] investigatory activities." It has done so for good reasons. It should continue to do so here.

I await your earliest reply.

Sincerely,

Alvin B. Davis

ABD/ps

UNITED STATES
SECURITIES AND EXCHANGE COMMISS₁ N
SOUTHEAST REGIONAL OFFICE
SUITE 200
1401 BRICKELL AVENUE
MIAMI, FLORIDA 33131

(305) 982-6336

June 21, 1995

<u>VIA FACSIMILE</u>

Alvin B. Davis, Esq.
Steel Hector & Davis
200 South Biscayne Boulevard
Miami, FL  33131

            Re:  <u>FAIC Securities, Inc.</u>

Dear Mr. Davis:

            This is in response to your letter of June 15, 1995 to
John C. Mattimore, Esq.

            In pointing out that MSRB Rule G-37 is "new and
untested", it is clear that you are laboring under the
misimpression that the Commission's subpoenas are premised solely
on MSRB Rule G-37.  Even assuming arguendo that ultimately, at
some unknown point in the indeterminate future, Rule G-37 is
questioned by some other court, that would not somehow render the
instant subpoenas invalid.  You have studiously avoided
acknowledging that the subpoenas were issued pursuant to a Formal
Order (provided to your office over two weeks ago) that also
authorizes this office to investigate possible violations of the
well-settled anti-fraud provisions of the federal securities
laws.  Thus, notwithstanding any possible infirmity of Rule G-37
that you might hypothesize, the subpoenas will remain valid and
enforceable.

            You state that the principal purpose of your June 15th
letter is to address your self-serving contention that we are
reluctant to hold "candid and wide-ranging" discussions in which
we disclose to you the Commission's "ultimate objectives."  You
overlook the fact that we are merely at the fact-gathering stage
and have not reached the point where a decision has been made to
recommend enforcement action to the Commission.  If we do
ultimately approach that point, under well-settled Commission
practice we will invite your clients to engage with us, via Wells
submissions, in "candid and wide-ranging" discussions as to why
we should not recommend enforcement action to the Commission.
However, at this point, we are more interested in candid and
wide-ranging testimony and document production by your clients --
something that you have been forestalling for over two months.

Alvin B. Davis, Esq.
June 21, 1995
Page 2


        The subpoenas were served on your clients on May 31st
and June 1st, after nearly two months of discussions and
correspondence.  Your clients have now had several months in
which to review and organize their documents for production.
Despite your clients' professed "good faith" desire to cooperate
with the Commission's investigation, they have repeatedly failed
to produce the requested documents, which are essential to the
Commission's investigation.  During this entire time, we have not
received one telephone call or piece of correspondence from you
addressing the mechanics of your client's document production.
Nor have you ever suggested that your clients' documents are
entitled to any privilege.  This is not surprising as the
requested documents are largely generic corporate records and
minutes, as well as records relating to political contributions.

        Your clients' protestations of "good faith" are further
belied by their systematic flouting of the Commission's
investigatory authority.  The subpoenas required your clients to
produce responsive documents by June 12th and 13th and also
required Alfonso Fanjul and Jose F. Fanjul to appear for
deposition on June 19th and 20th, respectively.  Your clients
simply thumbed their noses at the Commission and ignored the
subpoenas -- they failed to produce their documents and failed to
appear for deposition without so much as the courtesy of a
telephone call to allow us to cancel the court reporter.

        At this point, the only thing that is on the table is
compliance with the Commission's subpoenas.  We are unfortunately
convinced that the Commission is being stonewalled and has no
choice but to take appropriate action.  The only way for your
clients to avert such action is to make immediate productions of
all responsive documents and for Alfonso and Jose F. Fanjul to
make themselves available for testimony.


                        Very truly yours,

                        Charles V. Senatore
                        Regional Director


                        By:  _____
                             Mitchell E. Herr
                             Regional Trial Counsel


cc:  Rebeka J. Poston, Esq.
     John C. Mattimore, Esq.

**95 - 1340**

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ALFONSO FANJUL, ET AL. |

**CIV-HIGHSMIT**
**MAGISTRATE**
**JOHNSON**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Palm Beach_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MITCHELL HERR, ESQUIRE
US Securities and Exchange Commission
1401 Brickell Avenue, Suite 200

ATTORNEYS (IF KNOWN)
ALVIN B. DAVIS
Steel, Hector & Davis
200 South Biscayne Boulevard
Miami, Florida  33131-2398

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

FILED 95

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

A South 95-1340-CIV-SH/LRJ

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. §77t(a), 15 U.S.C. §77u(a).  The Commission is seeking judicial enforcement of its subpoenas.

IVa.  1/2  days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | PERSONAL INJURY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 362 Personal Injury— Med. Malpractice | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 365 Personal Injury— Product Liability | ☐ 690 Other | SOCIAL SECURITY | ☒ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | CIVIL RIGHTS | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 442 Employment | PRISONER PETITIONS | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | |
| | ☐ 444 Welfare | ☐ 530 General | | |
| | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint.
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  6/22/95

SIGNATURE OF ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY: Receipt No._____   Amount:_____ |
|---|---|
| S/F  I-2 REV. 6/90 | Date Paid:_____   M/ifp:_____ |